08 CV 03402

JUDGE CROTTY

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ST SHIPPING AND TRANSPORT PTE LIMITED

               Plaintiff,

- against -

VINTAGE MARINE S.A. AND ARIES
MARITIME TRANSPORT LIMITED

               Defendants

------------------------------------------------------------X

ECF CASE

08 CV ____ (   )

**VERIFIED COMPLAINT**

Plaintiff, ST SHIPPING AND TRANSPORT PTE LIMITED ("Plaintiff"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.  This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2.  At all material times, Plaintiff, ST SHIPPING AND TRANSPORT PTE LIMITED ("Plaintiff") was and now is a foreign corporation organized and existing under and

by virtue of the laws of the Republic of Singapore, and was the charterer of the M.T. ARIUS (the "Vessel"), a tanker of about 83,970 deadweight tons capacity engaged in the carriage of clean petroleum products by water.

3. Upon information and belief, at all material times, Defendant, VINTAGE MARINE S.A. ("Vintage"), was and now is a foreign corporation organized and existing under and by virtue of the laws of a foreign country, and was the owner of the Vessel.

4. Upon information and belief, at all material times, Defendant, ARIES MARITIME TRANSPORT LIMITED ("Aries"), was and now is a foreign corporation organized and existing under and by virtue of the laws of the Republic of Greece, and was the beneficial owner of the Vessel.

## FACTS GIVING RISE TO CLAIM

5. On or about July 14, 2006, a time charterparty (the "Charter") was made between Plaintiff, as charterer of the Vessel, and Vintage as owner whereby Plaintiff chartered the Vessel for the carriage of clean petroleum products for a period of 6 + 6 + 6 months, 30 days more or less in charterer's option commencing from the time and date of delivery of the Vessel.

6. Specifically, during the currency of the Charter Plaintiff intended to carry naphtha from Mumbai and Hazira, India to Yosu and Ulsan, Korea. It was an express, alternatively implied term of the Charter that the master was at all times to exercise reasonable care and skill in the employment of the Vessel and/or the production and supply to the Plaintiff of information and documentation and to ensure the accuracy of such information and documentation.

7. Prior to the Vessel's arrival at the loading ports the master produced a loading plan which did not accurately state the quantity of cargo the Vessel was capable of loading at Mumbai and Hazira. In reliance on the information provided by the master in the loading plan the Plaintiff concluded a voyage charter party for the carriage of a minimum 55,000 metric tons of cargo. However, due to the maximum displacement restriction at Hazira the Vessel was unable to load all its intended cargo. By reason of the Defendant Vintage's negligence and in breach of the Charter, Plaintiff misrepresented to its voyage charterer the quantity of cargo the Vessel was capable of loading at Mumbai and Hazira and has incurred losses directly and/or under its sub-charter party.

8. By reasons of the premises, Plaintiff has sustained damages in the amount of $1,027,653.35 as best as can presently be calculated.

9. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to the High Court of Justice, Commercial Court, London. Plaintiff has commenced proceedings against the Defendant Vintage in the London Commercial Court. In addition to its principal claim, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are estimated to be $600,000.00.

10. Litigation of these disputes in London may take up to three years. Plaintiff is entitled to and would receive compound interest at the rate of 8% from September 1, 2006 to April 4, 2011 to the completion of the litigation of about $439,930.63.

11. Plaintiff's total claim against Defendants for which it seeks security herein is $2,067,583.98.

12. Upon information and belief, Aries was at all material times the beneficial owner of the Vessel.

13. Aries is the alter-ego of Vintage because it dominates and disregards Vintage's corporate form to the extent that Aries is actually carrying on Vintage's business and operations as if the same were its own, or vice versa.

14. In the further alternative, Defendants are affiliated companies such that Aries controls the assets of Vintage and is now, or will soon be, holding assets belonging to Vintage.

15. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

16. Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant Vintage to proceed with litigation of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the judgment in the London Commercial Court.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against VINTAGE MARINE S.A. and ARIES MARITIME TRANSPORT LIMITED, and that they be personally cited to appear and answer the matters set forth above.

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $2,067,583.98, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the decision of the London Commercial Court and that a judgment be entered upon the judgment of the aforesaid Court for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
April 7, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
ST SHIPPING AND TRANSPORT PTE LIMITED

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 7th day of April, 2008.

_____
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012